UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATISHIA S. ANDERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| **PROFESSIONAL DENTAL** | ) |
| **ALLIANCE OF GEORGIA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | / |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, SIMONE ANDERSON (hereinafter "Plaintiff" or "Anderson"), and files her Complaint against Defendant PROFESSIONAL DENTAL ALLIANCE OF GEORGIA, LLC (hereinafter "Defendant" or "PDAG"), and in support Plaintiff states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"); the Fair Labor Standards Act of 1938, 29 U.S.C. §207(r) ("FLSA"); and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (hereinafter the "FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's

1

unlawful discrimination, harassment, and retaliation against Plaintiff because of her sex and pregnancy as well as Defendant's retaliation against Plaintiff for utilizing leave under the Family and Medical Leave Act, leading to her unlawful termination.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII, the FLSA, and the FMLA.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

4.      Plaintiff, Anderson, is a citizen of the United States, and was at all times material, a resident of the state of Georgia.

5.      Defendant, PDAG, is a Domestic For-Profit Corporation with its headquarters in New Castle, Pennsylvania.

6.      Defendant does business and Plaintiff worked for Defendant in this Judicial District at 3466 Cobb Parkway NW #170, Acworth, GA 30101.

7.      Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On March 4, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex, pregnancy, disability, and retaliation.

10. Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

11. On March 24, 2020, Plaintiff filed an amended claim with the EEOC.

12. On September 11, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, upon Plaintiff's request.

13. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is a female.

15. Plaintiff began working for Dr. Alex Toub, Dr. Frank Nia and Ash Toub beginning in 2015 and began working for Defendant in 2017.

16. Plaintiff worked for Defendant as a Practice Administrator.

17. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

18. In January 2019, Plaintiff informed Kim Sloan, Human Resources Manager, of her pregnancy.

19. A few days later, Plaintiff verbally announced her pregnancy to Ash Toub, Regional Director of Operations, and Samantha Moss, Regional Manager.

20. In April 2019, Plaintiff applied and was approved for FMLA for her maternity leave.

21. In August 2019, Plaintiff contacted Brittney O'Donnell, Human Resources Business Partner, to inquire into arranging a lactation room to pump breast milk when she returned to work following her maternity leave. Ms. O'Donnell did not respond.

22. Plaintiff began her FMLA leave on or about September 13, 2019.

23. Plaintiff returned to work on or about December 9, 2019.

24. Upon Plaintiff's return to work, Plaintiff again inquired into a lactation room to pump breast milk.

25. Mr. Toub informed Plaintiff she could pump breast milk in her office.

26. Plaintiff expressed concerns with pumping in her office because of the lack of privacy due to the windows and security cameras in the office.

27. In response, Mr. Toub informed Plaintiff that she could use her own funds to purchase blinds for the windows.

28. That same day, Ms. Moss informed Plaintiff that her office was being converted into a storage area so she would not be able to utilize the office to pump breast milk.

29. Defendant failed to provide Plaintiff with any alternative locations to pump her breast milk, as such Plaintiff was left without an adequate space to pump.

30. As Plaintiff was breast feeding her child, she needed to pump breast milk to relieve the milk supply that accumulates and encourage her body to continue producing enough breast milk to feed her child. To do so, Plaintiff required consistent breaks during the workday to express her milk.

31. Due to Defendant's failure to provide an adequate lactation space, Plaintiff was unable to pump breast milk during the workday.

32. As a result, Plaintiff's body ceased producing breast milk.

33. To further target Plaintiff, Defendant changed Plaintiff's work hours and stripped her of responsibilities when she returned from FMLA.

34. Prior to taking FMLA for maternity leave, Plaintiff worked four (4) days per week. Upon returning to work, Mr. Toub insisted Plaintiff work five (5) days per week.

35. Additionally, Mr. Toub reassigned several of Plaintiff's essential managerial duties to another employee.

36. Moreover, Plaintiff was removed from her office and forced to work at the front desk, where she was required to complete clerical work outside of her job duties.

37. To further harass Plaintiff, Mr. Toub began to accuse Plaintiff of having an "aggressive" management style. Plaintiff's management style was not questioned prior to her maternity leave.

38. On several occasions, Plaintiff raised concerns about the treatment she was receiving to Mr. Toub, however, his behavior continued.

39. In January 2020, as the work environment continued to be hostile and Plaintiff continued to experience discrimination, she retained the undersigned.

40. Plaintiff's counsel corresponded with Defendant to discuss Plaintiff's claims.

41. Plaintiff continued to express her concerns to Ms. Sloan about Defendant's failure to provide an adequate lactation room and the constant retaliation she was subjected to since returning to work. However, no action was taken to remedy the situation.

42. Subsequently, Defendant suspended Plaintiff's employment on February 26, 2020.

43. Shortly thereafter on March 23, 2020, Defendant terminated Plaintiff's employment under pretext.

44. Plaintiff has been damaged by Defendant's illegal conduct.

45. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
### Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978

46. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-45 above.

47. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

48. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

50. Defendant intentionally discriminated against Plaintiff based on her sex including pregnancy.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and relief.

52. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:
### Retaliation in Violation of Title VII

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-45 above.

54. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

55. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

56. Defendant's conduct violated Title VII.

57. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III: Violations of the Fair Labor Standards Act
### 29 U.S.C. §207(r) - Break Time for Nursing Mothers

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

61. Defendant failed to provide Plaintiff with a reasonable break time to express her breast milk for nursing her child within the first year after her child's birth each time Plaintiff needed to express her milk.

62. Defendant failed to provide Plaintiff with a location to express her breast milk that was shielded from view and free from intrusion from coworkers and the public.

## Count IV:
## Retaliation in Violation of the FMLA

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

64. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

65. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

66. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

67. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

68. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

69. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*